IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**REGINALD LACEY**                                                                                                    **PLAINTIFF**

**v.**                                                    **CIVIL ACTION NO. 3:24-cv-233-KHJ-MTP**

**STATE OF MISSISSIPPI**                                                                              **DEFENDANT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court *sua sponte* upon Plaintiff's failure to comply with the Court's order and failure to prosecute this action. For the reasons set forth herein, the undersigned recommends that this action be dismissed without prejudice.

Plaintiff filed this action on April 25, 2024. Plaintiff had a summons issued for Defendant on May 24, 2024, and had the summons reissued on May 30, 2024. *See* [2] [4]. However, no answer, responsive pleading, or appearance has been filed on behalf of Defendant, and it is unclear from the record whether Defendant was served by July 24, 2024—the deadline for service of process pursuant to Fed. R. Civ. P. 4(m).

Thus, on July 29, 2024, the Court entered an Order [7] directing Plaintiff to either (a) show cause on or before August 12, 2024, why this action should not be dismissed for his failure to prosecute or (b) serve Defendant and file the proof of service on or before August 12, 2024. The Court warned Plaintiff that his failure to show cause or to properly serve Defendant by the deadline may result in the dismissal of this action without prejudice and without further notice. To date, Plaintiff has neither responded to the Order to Show Cause [7] nor filed any proof of service.

Fed. R. Civ. P. 4(m) states that "[i]f a defendant is not served within 90 days after the compliant is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss

the action without prejudice against that defendant or order that service be made within a specified time." Additionally, pursuant to Fed. R. Civ. P. 41(b), a trial court has discretionary authority to dismiss an action *sua sponte* for the plaintiff's failure to prosecute or comply with any order of the court. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). The power of the courts "to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to . . . clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 629-31; *see also Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (discussing trial court's Rule 41(b) discretionary authority).

## RECOMMENDATION

As Plaintiff has failed in his obligation to prosecute this action and to comply with the Court's order, the undersigned recommends that this action be DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 4(m) and 41(b).

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual

findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This the 16th day of August, 2024.

s/Michael T. Parker  
UNITED STATES MAGISTRATE JUDGE